[Civ. No. 8145. Second Appellate District, Division Two.—April 24, 1934.]

NORA CURBY, Respondent, v. TITLE GUARANTEE & TRUST COMPANY (a Corporation) et al., Defendants; NINON HUDSON, Appellant.

Harold N. Nuzum for Appellant.

Henry Brown, Loris V. Cady and Margaret E. Faires for Respondent.

ARCHBALD, J., *pro tem.*—In 1927 defendant Hudson was the sales agent for tract 9597 in the city of Burbank, California. The legal title to said tract was vested in defendant Title Insurance & Trust Company, to which it had been conveyed in trust by the owners, defendants W. F. Bonner, Frank Belcher, C. A. Anderson, Orville Meyers and Dave Hepburn. Defendant Largay was division manager of defendant Hudson's large sales force and acted as "closer" in the deals in which plaintiff was involved. Defendant DeShields was one of the salesmen, and defendant Hudson and he took plaintiff to the tract where they met Largay. As the result of their efforts plaintiff entered into three contracts with defendant Title Guarantee & Trust Company for the purchase of three separate lots. The first was dated February 23, 1927, involving the sale of lot 364 of said tract for $1550, the sum of $387.50 being paid down. This contract was canceled by agreement when plaintiff was induced to purchase lot 6 of said tract on March 10, 1927, and the money paid on lot 364, together with a profit of $100 allowed plaintiff, as well as an additional amount paid by her, made a credit of $750 to her on the purchase price of $3,000. On May 1, 1927, she bought lot 360 for the sum of $1600, the sum of $400 being paid down. All down payments were made to defendant DeShields. Plaintiff made the monthly payments on lots 6 and 360, more or less in accordance with the terms of the contract, until July 8, 1929, when she stopped. On November 3, 1929, she served on defendants notice of rescission of such contracts on the ground of fraudulent inducement and demanded repayment of the amounts paid by her on the

purchase price. On November 14, 1929, she filed her complaint against the Title Guarantee & Trust Company, the former owners, and defendant Hudson and her agents Largay and DeShields, praying for the return of the money so paid. Prior to the trial of the action plaintiff filed a dismissal with prejudice as to all defendants except Hudson, Largay and DeShields. The case was tried on the issues made by the complaint and defendant Hudson's answer thereto. So far as the record shows, Largay and DeShields were not represented at the trial nor interested in it, except that Largay was a witness for defendant Hudson. From the judgment in favor of plaintiff, defendant Hudson has appealed.

The false and fraudulent statements alleged to have induced the various contracts are as follows: (a) That defendants would resell said lots in a short time for plaintiff at a profit; (b) that a beautiful college, known as the College of International Relations was to be built near the tract, *immediately,* and that *on or before the first of the year 1928* a large ''movie'' studio would be constructed near plaintiff's lots; (c) that Victory Boulevard *would be fully completed within a short time;* (d) that a rapid transit tunnel from Los Angeles *would be immediately constructed;* and (e) that Whitnall Boulevard, intersecting or adjacent to said tract, *would be shortly completed.*

The complaint alleges that the same representations were made at the time of each purchase. For each lot involved here plaintiff made written application to appellant to reserve such lot for her, stating that she wished to purchase the same for the price and upon the terms named. The owner to furnish a contract of sale on such terms. Each such writing also provided as follows: ''I agree that there are no promises, verbal understandings or agreements except as in this application set forth, and that any contract or deed hereinafter executed by me for the above property will supersede and merge this receipt. The owner reserves the right to return the above money to the undersigned at any time before a contract of sale is signed by the undersigned and approved by the owner.'' After the execution of such written requests for reservations the owner prepared written contracts on each lot covered thereby, which were executed by the Title Guarantee & Trust Company and

244

respondent and approved by an assistant trust officer of such company and by W. F. Bonner, who was acting for the beneficial owners. Such agreements each contained an express statement on the part of plaintiff that the property therein described had been purchased as a result of her own inspection ''and not upon a promise of resale or other representations made by said seller or any selling agent, and said buyer hereby expressly waives any and all claims for damages by reason of any cancellation or foreclosure of this contract because of any representations made by any selling agent or person whatsoever, other than contained in the contract''.

A statement similar in effect to that contained in the contracts here was contained in an agreement to purchase personal property in the case of *Munn* v. *Earl C. Anthony, Inc.*, 36 Cal. App. 312 [171 Pac. 1082], where appellant's contention that having finally entered into a written contract of sale which contained terms excluding previous negotiations and statements, the claim that false representations had been made by way of inducement could furnish no ground for a cause of action was sustained, and the judgment in favor of plaintiff was reversed. ▮ Plaintiff's only statement here as to such clauses is that she did not read them. There is no claim that she was prevented from so doing by the agent or that she was otherwise tricked into signing the documents without reading them (*Gridley* v. *Tilson*, 202 Cal. 748 [262 Pac. 322]); and under the circumstances shown by the evidence we are of the opinion that plaintiff was bound by each statement. The evidence shows that no promise of resale was made until the last purchase was urged upon plaintiff on May 1, 1927, and it is not claimed that appellant authorized such promise or knew anything about it until, as respondent says, in the late fall of 1927 or early spring of 1928; nor is it claimed that she ever was shown the writing made by her agents. In this connection see, also, the case of *Campbell* v. *Title Guarantee etc. Co.*, 121 Cal. App. 374 [9 Pac. (2d) 264], where a judgment was reversed because of a claim in the agreement to the effect that it contained the entire agreement and that the buyer agreed that neither the seller nor any agent had made any representations or promises affecting the property or contract not expressly contained in the con-

tract. We see no difference in legal effect between that statement and those contained in the various documents signed by plaintiff here.

Judgment reversed.

Stephens, P. J., and Desmond, J., concurred.