[L. A. No. 14021. In Bank.—May 17, 1934.]

CARRIE L. HUMPHREY, Respondent, v. HARRY H. CULVER & COMPANY (a Corporation) et al., Appellants.

Ben S. Hunter for Appellants.

Edward H. Gaylord for Respondent.

SHENK, J.—This is an appeal from a judgment for the plaintiff in an action to rescind and cancel a contract entered into between the parties in October, 1929, for the purchase by the plaintiff of a certain lot in the city of Los Angeles for the sum of $5,700. The claim for cancellation was based on alleged fraudulent representations of the defendant. A copy of the contract is annexed to the complaint as an

exhibit. The complaint also alleged that at the time the plaintiff signed the agreement the defendant Rose, acting for and in behalf of the other defendants, would not allow the plaintiff to read the agreement, but falsely and fraudulently represented to her that each and all of the clauses of the agreement were favorable to the plaintiff. The plaintiff also sought judgment for payments made under the contract amounting to $1425.

A demurrer to the complaint was overruled, and a trial was had on the issues joined by the answer of the corporate defendants. The court found certain false and fraudulent representations to have been made to the plaintiff by the agent of the answering defendants, by reason whereof the plaintiff was entitled to the relief sought. The court also found that at the time the plaintiff signed the agreement the defendant Rose, acting on behalf of the other defendants, would not allow the plaintiff to read the agreement, but falsely and fraudulently represented to the plaintiff that each and all of the clauses of the agreement were favorable to her.

The defendants rely on certain language in *Gridley* v. *Tilson*, 202 Cal. 748 [262 Pac. 322], to support their contention that the court erred in overruling the demurrer to the complaint made on the ground that no cause of action was stated, and in support of their argument contend that on the facts disclosed the defendants as principals cannot be bound except by the representations contained within the written agreement. This is the only ground relied upon for a reversal. The agreement provided that the principals would not be bound except by the written representations and provisions contained therein and that the agent had no authority to make any other or different representations. However, as noted, the complaint alleged and the court found in effect that the plaintiff was prevented from reading, or was induced by the agent not to read, the contract. No contention is made that the evidence is insufficient to support the finding on this phase of the plaintiff's case, nor is any contention made that the evidence does not support the findings as to other fraudulent representations made by the agent Rose. In such circumstances the case of *Gridley* v. *Tilson, supra*, does not apply. Further, it was therein expressly recognized that the rule contended for is

inapplicable when the purchaser's failure to read the contract is due to the fraud or trickery of the seller or his agent. (*Simmons* v. *Ratterree Land Co.*, 217 Cal. 201 [17 Pac. (2d) 727].)

The judgment is affirmed.

Preston, J., Langdon, J., Waste, C. J., and Seawell, J., concurred.