[L. A. No. 13205. In Bank.—October 10, 1934.]

HARRY A. SPECK et al., Respondents, v. OLIVER WYLIE et al., Defendants; SARAH E. WYLIE, as Executrix, etc., et al., Appellants.

Gibson, Dunn & Crutcher, H. F. Prince and Robert F. Schwarz for Appellants.

Meserve, Mumper, Hughes & Robertson and Timon E. Owens for Respondents.

PRESTON, J.—This suit is by purchasers of certain real property in Los Angeles County under an installment contract to recover from the sellers thereof the several amounts paid thereon, following timely notice of rescission and offer of restoration. Under the findings it must be taken as proved that the purchase was induced by material misrepresentations fraudulently made by the agent of the sellers who was in charge of the negotiations. Plaintiffs had judgment as prayed and defendants have appealed therefrom.

The contract was in writing and contained the following clause: "It is understood and agreed that this contract contains all the covenants, stipulations and provisions agreed upon by the parties hereto and no agent of either party to this contract has authority to alter or change the terms hereof and neither party is or shall be bound by any statement or representation not in conformity herewith. It is understood and agreed that said property above described has been inspected by said purchaser, or the purchaser's duly authorized agent; that the same is and has been purchased by the purchaser as a result of said inspection and not upon representations made by the sellers or any selling agent, and that the purchaser hereby expressly waives any and all claims for damages or for cancellation of this contract because of any representation made by any selling agent or person whatsoever other than as contained in this agreement; and the sellers will not be responsible for or liable on account of any inducements, promises, representations, or agreements not set forth herein."

The appeal thus presents anew the vexing question as to what rights, if any, should be accorded a purchaser who has been defrauded, against a seller who is innocent,

where such purchaser knows that the negotiating agent of the seller has been acting in excess of his authority in making the representations complained of.

It is due the learned District Court of Appeal to say that we transferred this cause to this court for decision, not because of any misinterpretation as to the existing rule governing the subject, but rather to give consideration to the question of relaxing to some extent the rule heretofore laid down in the case of *Gridley* v. *Tilson,* 202 Cal. 748 [262 Pac. 322], where, after restating the general rule that fraud inducing the execution of a contract may be shown by parol testimony, it was further said: ''A well-settled exception, however, is the case where the party seeking to rely on fraudulent representations of an agent had notice of the limitation on the agent's authority to make representations. Therefore a principal is bound only by the representations embodied in the written contract where a provision in the contract notified the prospective purchaser that the agent's authority went no further (citing cases).'' (*Gridley* v. *Tilson, supra,* p. 751.)

We feel warranted in taking this step for at least two reasons. First, the principal, though innocent, should not be allowed to retain a consideration which the purchaser has parted with by reason of the fraud where such defrauded party rescinds promptly and the parties can be restored without substantial injury to their former status; second, because this subject has had thorough consideration by law collaborators as shown by the recent product of the American Law Institute, styled: ''Restatement of the Law — Agency'', where the rule suggested is as follows:

Sec. 259. ''A transaction into which one is induced to enter by reliance upon untrue and material representations as to the subject-matter, made by an agent entrusted with its preliminary or final negotiations, is subject to rescission at the election of the person deceived. . . . Comment: b. . . . The rule stated in this section applies although the other party knows or has reason to know that the agent is not authorized to make the statement. By contract with the principal, however, he may agree that the principal is not to be liable because of unauthorized statements of an agent, as stated in section 260. . . . Sec. 260. . . . (1) A principal may, by contract with another, relieve himself of liability in deceit for prior or subsequent frauds of an agent to such

other. (2) A contract obtained by an agent through fraudulent misrepresentations of facts may be rescinded by the other party although it provides that it shall not be affected by representations not contained therein.''

Without attempting further elaboration we therefore announce that we are in accord with the above statements of the rule which will, all other things being favorable to the complaining party, allow him to rescind and to pursue the principal far enough to secure a return of the consideration paid. But an action for fraud and deceit will not be allowed him under such conditions. The doctrine of *Gridley* v. *Tilson, supra,* and such appellate court cases as may have followed it, should be limited in its application by the exception hereinabove set forth.

The judgment is affirmed.

Curtis, J., Waste, C. J., Seawell, J., and Thompson, J., concurred.

SHENK, J., Concurring.—I concur. The general rule that fraud in the inducement of a contract may be shown is recognized in *Gridley* v. *Tilson,* 202 Cal. 748 [262 Pac. 322]. An exception to the general rule is also noted therein and is still effective, subject to the limitation stated in section 260 of the restatement of the law of agency, now approved. As I understand this rule, it is that an innocent principal so contracting with another may relieve himself from liability for the fraud of his agent, but he is nevertheless subject to rescission on the part of the defrauded party. The rule proceeds upon the theory that an innocent principal so contracting may not be permitted to enrich himself by reason of his agent's fraud, and that any property received by such principal is held by him as a constructive trustee for the person defrauded. I am satisfied that the restatement of the law of agency as contained in sections 256 to 264, inclusive, of the final draft, should be followed.

LANGDON, J., Concurring.—I concur in the judgment reached, and am fully in accord with the sound and reasonable rule laid down in the Restatement of the Law of Agency, and established by the foregoing opinion as the law in this jurisdiction. I think it is desirable, however, to mention

briefly some of the cases which are followed, overruled or disapproved by it.

The so-called "doctrine of *Gridley* v. *Tilson*" was expressed in a case wherein the point might well have been considered *dictum,* for a separate and sufficient ground for the holding appears therein. (See 16 Cal. L. Rev. 234.) Assuming, however, as subsequent cases have done, that *Gridley* v. *Tilson* constitutes a direct holding on the point, the prior decision of this court in *Mooney* v. *Cyriaks,* 185 Cal. 70 [195 Pac. 922], was directly contrary thereto. The case of *Munn* v. *Earle C. Anthony, Inc.,* 36 Cal. App. 312 [171 Pac. 1082], which was cited with approval in *Gridley* v. *Tilson,* was disapproved in *Mooney* v. *Cyriaks, supra.* The Mooney case was followed in *Whiting* v. *Squeglia,* 70 Cal. App. 108 [232 Pac. 986], in which case this court denied a hearing. Nevertheless, a great many cases were decided in the District Courts of Appeal in the last few years, which follow the principle supposed to have been adopted in *Gridley* v. *Tilson.* Among these are *Warner* v. *Taft Land & Dev. Co.,* 113 Cal. App. 71 [297 Pac. 969]; *Campbell* v. *Title Guarantee & Trust Co.,* 121 Cal. App. 374 [9 Pac. (2d) 264]; *W. J. Latchford Co.* v. *Southern Cal. Gas Co.,* 125 Cal. App. 112 [13 Pac. (2d) 871]; *Clancy* v. *Becker-Arbuckle-Wright Corp.,* 137 Cal. App. 43 [29 Pac. (2d) 868]; *Curby* v. *Title Guarantee & Trust Co.,* 138 Cal. App. 241 [32 Pac. (2d) 151]. In the recent case of *Simmons* v. *Ratterree Land Co.,* 217 Cal. 201 [17 Pac. (2d) 727], though we held that under the peculiar circumstances the rule of *Gridley* v. *Tilson* was inapplicable, we approved it as a correct statement of the law. Also, in *Humphrey* v. *Harry H. Culver & Co.,* 220 Cal. 765 [32 Pac. (2d) 630], we merely distinguished and did not disapprove *Gridley* v. *Tilson.*

It is now clear that this rule is unsound in principle, and that it is contrary to the better authorities, as evidenced by the Restatement on Agency. (See, also, 16 Cal. L. Rev. 234, *supra.*) In refusing to follow it further, we are now overruling the many decisions set forth above, and are returning to the position formerly taken by us in *Mooney* v. *Cyriaks, supra.*

Rehearing denied.