[L. A. No. 13857. In Bank.—October 13, 1934.]

HOWARD W. LOZIER et al., Respondents, v. JANSS INVESTMENT COMPANY (a Corporation) et al., Appellants.

Gibson, Dunn & Crutcher, H. F. Prince and Robert F. Schwarz for Appellants.

Bernard Potter for Respondents.

PRESTON, J.—As to defendant Janss Investment Company this is an action for the return of the consideration paid by plaintiffs on contracts to purchase certain real property in Los Angeles County, following a unilateral rescission accomplished prior to commencement of the action, upon a written notice and offer of restoration. As to defendants Ellis and Germann, it is an action for damages for fraud and deceit, as these defendants did not receive the consideration paid but did make the fraudulent representations complained of.

The facts are that plaintiffs executed five contracts of purchase with defendant investment company, each covering a separate lot in Westwood, Los Angeles County, the interest therein contracted for being 68.5 per cent. One Saidee Benson, at the instance of defendants, was a purchaser with plaintiffs to the extent of the remaining 31.5 per cent interest in said properties; however, having refused to join with plaintiffs in this action, she became a defendant herein by order of court.

The court made findings in accord with the allegations of the complaint and judgment was entered accordingly against the three above-mentioned defendants, investment company, Ellis and Germann, for the amount of the consideration paid with lawful interest thereon from the date of payment. Each of said three defendants has appealed.

The complaint, proof and findings are substantially to the same effect. The contracts were executed on September 23, 1927. The combined purchase price of the several lots was to be $27,000. The aggregate of the initial payments made was $6,506.40 by plaintiffs and $3,000 by said Saidee Benson. Future payments were to begin on March 23, 1929. How-

ever, no other payments were ever made. The negotiations were conducted by two salesmen of defendant investment company, to wit: Said defendants Ellis and Germann. These salesmen represented to plaintiffs that they were acquainted with the values of property in the vicinity; that the value of the property here involved was in excess of $27,000; that during the period of eighteen months elapsing between the initial payments and the next payments to be made on the contracts, they would guarantee to resell the property at a profit to be divided between plaintiffs and said Saidee Benson, according to their respective interests, and they further represented to plaintiffs that they would never be required to make any further payments on said contracts; also that they knew then of some persons who would buy two of the lots. These promises were renewed from time to time by said salesmen, both before and after the expiration of said eighteen months' period. While plaintiffs knew that the promises of the agents were at variance with the contracts, nevertheless the evidence shows that said agents, by their repeated assurances, prevented plaintiffs from taking the matter up directly with the investment company; that the agents actually requested plaintiffs not to take it up with their principal.

The court found that these assurances of resale were made without intent of carrying them to execution and that they, and all other of said misrepresentations, were made to defraud plaintiffs; that plaintiffs believed and relied upon said misrepresentations, being ignorant of the value of said lots and of their salability; further, that by reason of the continued misrepresentations of said agents and by reason of the fact that they were at all times agents of the investment company, plaintiffs were not guilty of laches in waiting until May 14, 1930, before serving notice of rescission on defendant investment company. The court further found that said repeated assurances of said agents were a sufficient excuse for the failure to make the payments which were to begin on March 23, 1929, under said contracts.

In the face of these findings of fact this court is powerless to disturb the judgment. This court does not sit as triers of fact *de novo*. It is also true that the contracts contained the following clause: ''The Buyer is urged to read the terms of this contract before signing it, as no statement,

settlement, agreement, understanding or representation orally made, or written and not contained herein, will be binding on the Seller''. But under the decision reached by this court in the case of *Speck* v. *Wylie, ante,* p. 625 [36 Pac. (2d) 618], determined October 10, 1934, plaintiffs may maintain this action to secure the fruits of the rescission of the contracts made by them. ■ We do not give weight to the contention that Saidee Benson should have joined in the notice of rescission or the complaint in order to state a cause of action. She was not acting in joint relationship with plaintiffs at all but was a person secured by defendants themselves to take the remaining 31.5 per cent interest in the contracts; therefore to all intents and purposes plaintiffs engaged in a single transaction and not in a joint one with said Saidee Benson.

■ The judgment for a return of the money with interest as upon a rescission is proper as against the investment company alone. So likewise, ordinarily, would be a judgment against the other two defendants in damages for fraud and deceit in the same amount. But the two judgments are inconsistent. We know of no rule that will authorize a judgment as against both sets of defendants under these circumstances. Plaintiffs having rescinded, this limits their recovery to a return of the consideration paid, with interest from date of payment, and it forbids a judgment against the other two defendants for the identical item, based upon fraud and deceit, which presupposes an affirmation of the contract that has instead been rescinded.

The judgment as to defendants Dell Ellis and John Germann is reversed; the judgment as to defendant Janss Investment Company, a California corporation, is affirmed.

Curtis, J., Shenk, J., Waste, C. J., Seawell, J., and Langdon, J., concurred.

Rehearing denied.