[Civ. No. 9668. Second Appellate District, Division Two.—April 13, 1935.]

MAYME F. SCHROEDER et al., Appellants, v. DICKINSON & GILLESPIE CORPORATION (a Corporation) et al., Defendants; SECURITY–FIRST NATIONAL BANK OF LOS ANGELES, Respondent.

Edward W. Lloyd for Appellants.

Victor Ford Collins for Respondent.

CRAIL, J.—This is an appeal by the plaintiffs from a judgment of nonsuit in favor of the defendant, Security-first National Bank of Los Angeles in an action based on alleged false representations made by the agents of the bank's predecessor in interest. For convenience no distinction will be made hereafter in this opinion between the bank and the bank's predecessor in interest. Certain acreage, known as Los Altos Park, located in the Hollywood Hills and owned by the A. B. Crist Company, was conveyed to the bank, as trustee, for the purposes of subdivision and sales. The Crist Company was the beneficiary of the trust, and the Dickinson & Gillespie Corporation was appointed the selling agents. The improvements on the property had not been put in, but the bank required a guaranty from the Crist Company that the improvements would be put in within certain periods of time therein mentioned.

In October, 1926, Mr. Gammon, who was named as a defendant but was not served and did not appear, and who was an agent of the Dickinson & Gillespie Corporation and, as such, a subagent of the bank, met the plaintiffs and interested them in purchasing one of the lots in the tract, and this they finally did. ■ It was alleged in the complaint and it was the contention of the plaintiffs at the trial that prior to the execution of the agreement for the purchase of the lot, Mr. Gammon and an agent named Solomonson, falsely and fraudulently represented to plaintiffs (1) that properly graded concrete streets, curbs and all improvements usual for a high-class subdivision soon would be placed upon the subdivision, (2) without any expense of any nature whatsoever to the plaintiffs, (3) that all of the money necessary for the purpose was already up and on deposit with the said trustee and was completely provided for, (4) that plaintiffs would be well protected in this connection by virtue of the fact that said trustee was handling and responsible for said funds and improvements, and (5) that said lot was worth $6,000 or would be. The latter, number (5), is not a representation of an existing fact but a mere opinion offered in puffing the property for sale. ■ The plaintiffs testified at the trial that they signed the agreement without reading it, but they admitted and admit in the briefs that they received their copy of the written contract within approxi-

mately two months after it was executed and that soon thereafter they received a street improvement guaranty signed by the said Crist Company. Under the terms of this contract which was in the possession of the plaintiffs from that time on, the bank was not in fact contractually responsible for the improvements either by a direct promise or by a guaranty. On the contrary the contract provided that as between the bank and the plaintiffs the plaintiffs were liable for assessments for said improvements. It also contained a provision that the bank was not liable for any inducement, promise, representation or agreement not set forth therein. The contract was signed by the plaintiffs on October 11, 1926. This action was filed on September 11, 1931, after the depression was long under way and almost five years after the contract was entered into. A trial of the action proceeded for approximately three weeks, which time was consumed in the presentation of the plaintiffs' evidence. The plaintiffs having rested, each of the defendants moved for a nonsuit. The motion of the bank for nonsuit was granted, but the motion of the other defendants was denied. As already stated it is from this judgment of nonsuit in favor of the bank that the appeal is taken.

We have carefully read the briefs, including the plaintiffs' opening brief covering 172 pages, and have studied the record including the reporter's transcript covering 819 pages. We reach the conclusion that the judgment of nonsuit was properly granted and that there is no merit in the appeal. Following *Speck* v. *Wylie,* 1 Cal. (2d) 625 [36 Pac. (2d) 618, 95 A. L. R. 760], and *Haley* v. *Santa Fe Land etc. Co.,* 5 Cal. App. (2d) 415 [42 Pac. (2d) 1078].

Judgment affirmed.

WILLIS, J., *pro tem.,* Concurring.—I concur.

The complaint herein consists of three causes of action: First, for the recovery of money after rescission of a contract for sale of real property on the ground of false representations of the seller's agents; second, a cause of action for damages for fraud and deceit in the making of such false representations; third, the common count for money had and received predicated on the implied contract arising as a result of rescission.

■ The contract in evidence shows that it contained a cautionary clause relieving the principal of liability because of any representations made by any selling agent or other person other than is contained in the contract, and the evidence shows that the representations alleged to be fraudulent were made by agents and codefendants of the seller, the respondent bank, that the bank was innocent of any participation in or knowledge of the alleged false representations, and that the bank executed the contract of sale to appellants. Under the recent decision in the case of *Speck* v. *Wylie*, 1 Cal. (2d) 625 [36 Pac. (2d) 618, 95 A. L. R. 760], it is held that under such circumstances, no cause of action against the innocent principal may lie for damages for fraud, but that the sole remedy is by timely rescission and an action to recover moneys paid upon the contract. It therefore appears that the motion for a nonsuit was properly granted on the second cause of action under this authority. ■ As to the statute of limitations pleaded to the first and third causes of action, it is sufficient to say that the evidence clearly reveals that discovery, as a matter of law, was made by the plaintiffs of the alleged fraud prior to the three years before the commencement of this action. Therefore the motion for a nonsuit as to the first and third causes of action was properly granted, it being patent that the third cause or common count is nothing but a repetition of the cause of action set forth in the first count.

Stephens, P. J., concurred in both opinions.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 10, 1935.