[Sac. No. 4958.   In Bank.—September 3, 1935.]

HARNISCHFEGER SALES CORPORATION (a Delaware Corporation), Respondent, v. E. C. COATS, Appellant.

Gerald M. Desmond and Ralph H. Lewis for Appellant.

Clyde C. Sherwood and Albert E. Sheets for Respondent.

LANGDON, J.—This is an action by plaintiff to recover the balance due on a conditional sale contract for the sale of a power shovel. Defendant answered and counterclaimed, setting up the defense of fraud. The jury brought in a verdict in favor of defendant on his counterclaim, in the sum of $2,500. The court, however, gave judgment for plaintiff notwithstanding the verdict, for the entire balance due on the contract. Defendant appealed.

The contract in this case was entered into after negotiations by defendant with plaintiff's agent, and it is the false representations of this agent which constitute the defense of fraud. After being signed by defendant and plaintiff's agent, the contract was sent to the eastern office of plaintiff, where it was approved, executed and a copy returned to defendant. The contract contained the following provision: "This agreement shall not be considered as executed, and shall not become effective until accepted by the vendee, and executed and approved by the president, or vice-president, or secretary of the vendor, and it is hereby further declared, agreed and understood that there are no prior writings, verbal negotiations, understandings, representations or agreements between the parties not herein expressed."

It seems clear that this stipulation limits the authority of the agent to make representations, and purports to absolve the principal from all responsibility therefor. The question is whether such a stipulation may be given effect.

This problem was the subject of conflicting decisions in California until recently, when this court, in *Speck* v. *Wylie*, 1 Cal. (2d) 625 [36 Pac. (2d) 618, 95 A. L. R. 760], announced the governing rule. It was there held that an innocent principal might by such a stipulation *protect himself* from liability in a tort action for damages for fraud and deceit, but that the third party would nevertheless be entitled to *rescind the contract*. This is the rule declared in the Restatement of the Law of Agency, sections 259 and 260. (See, also, *Lozier* v. *Janss Investment Co.*, 1 Cal. (2d) 666 [36 Pac. (2d) 620]; *Greenberg* v. *Du Bain Realty Corp.*, 2 Cal. (2d) 628 [42 Pac. (2d) 628]; *Graham* v. *Los Angeles First Nat. T. & S. Bank*, 3 Cal. (2d) 37 [43 Pac. (2d) 543].) The distinction between the two situations is a sound one. The principal would normally be liable in tort for misrepre-

sentations by an agent acting within the scope of his actual or ostensible authority, and by stipulating in the contract that the agent has no such authority, the principal has done all that is reasonably possible to give notice thereof to the third party. Under such circumstances the innocent principal may justly be relieved of liability for the agent's wrong. But where the principal sues to recover on the contract, he is seeking to benefit through the agent's fraud. This he cannot be permitted to do. His personal liability may be avoided, but the fraudulently procured contract is subject to rescission.

In the instant case, the counterclaim, which seeks the affirmative relief of damages, is objectionable for the same reason that an independent tort action would be. However, the principle followed in *Speck* v. *Wylie, supra,* warrants relief for fraud whether the injured party sets it up in an affirmative action for rescission, or as defensive relief in an action by the other party to enforce the contract; that is to say, the right of the aggrieved buyer to rescission exists regardless of which party initiates the proceeding on the contract. That the buyer may set up a claim for rescission in the seller's action has recently been held by the District Court of Appeal. (*California Mutual Co.* v. *Voigt,* 5 Cal. App. (2d) 204 [42 Pac. (2d) 353].) The defensive relief must not be such as to subject the plaintiff to affirmative liability for damages; nor would it be proper, under the rule just discussed, to permit an award of damages to offset liability for the balance of the purchase price. The defendant's relief is limited to rescission of the contract. Hence the affirmative verdict in favor of defendant on his counterclaim for damages is improper; but defendant may be entitled, because of the fraud, to be placed *in statu quo,* by restoration of the consideration or its equivalent by both parties. (See *Curtis* v. *Title Guarantee & Trust Co.,* 3 Cal. App. (2d) 612 [40 Pac. (2d) 562, 42 Pac. (2d) 323].) The failure to demand the specific remedy of rescission is not, of course, fatal to the right, where the facts pleaded justify it. The fraud, and not the remedy therefor, constitutes the cause of action. The present judgment must be reversed and the case retried, with amended pleadings if defendant desires to offer them, to set forth such facts as may warrant rescission. If, upon a

retrial of the cause, it appears that the requirements of rescission are satisfied, defendant should have judgment.

The judgment is reversed.

Preston, J., Curtis, J., Waste, C. J., Shenk, J., Seawell, J., and Thompson, J., concurred.

Rehearing denied.