WASTE, C. J.
 

 This is an action for the rescission of a contract and for the recovery of money paid thereunder. It appears that J. B. Roof, Inc., a corporation, agreed to purchase a tract of land from one Connolly and to subdivide and sell the same. Pursuant thereto title was conveyed to The Farmers and Merchants National Bank of Los Angeles, as trustee under a subdivision trust, Connolly and the Roof company being the beneficiaries of the trust. The Roof
 
 *452
 
 company acted as sales agent and the trustee executed all contracts of sale and collected the sale prices of the lots. On November 19, 1927, plaintiff and respondent entered into a contract with the trustee bank to purchase lot 109, described in the complaint, for the sum of $3,500. Certain payments were made thereunder. Subsequently the contract was assigned by the trustee bank to the appellant bank and thereafter plaintiff paid $1890 to the latter bank as part of the purchase price. Later, upon discovering the falsity of certain representations made prior to and at the time of the execution of the contract by the selling agent, the Roof company, which representations were an inducing factor in the execution of the contract, plaintiff gave notice of his election to rescind. Judgment was entered herein decreeing a rescission of the contract and awarding respondent $3,807.01, with interest, against J. B. Roof and J. B. Roof, Inc., jointly and severally, and $1890 against the appellant bank, as trustee, the latter amount representing the aggregate of the payments made by respondent to the appellant bank, which alone has appealed.
 

 Respondent’s right to rescind is not here questioned. In its assault upon the monetary judgment entered against it, the appellant bank in its several briefs, and the respondent by way of answer thereto, advance many arguments and contentions in an effort to establish or define the relationship borne one to the other by the several parties to the transaction. We find it unnecessary to definitely determine their status other than to state that the appellant was properly described in the judgment as ‘ trustee ’ ’ if for no other reason than that the contract assigned to it expressly declared that appellant’s assignor and predecessor' in interest was not the “beneficial owner of the property” but that it “simply holds legal title to said premises for the purpose of protecting the beneficial owner of the property” and other designated purposes. In other words, the appellant, assignee, had knowledge of the existence of the trust and took subject thereto.
 

 Subsequent to the trial of this cause we handed down our decision in the case of
 
 Speck
 
 v.
 
 Wylie,
 
 1 Cal. (2d) 625 [36 Pac. (2d) 618, 95 A. L. R. 760]. As a limitation upon the rule theretofore announced in
 
 Gridley
 
 v.
 
 Tilson,
 
 202 Cal. 748 [262 Pac. 322], to the effect that a principal was bound
 
 *453
 
 only by the representations embodied in a written contract when it was provided therein that the agent’s authority went no further, we held in
 
 Speck,
 
 v.
 
 Wylie, supra,
 
 that an innocent principal so contracting with another may relieve himself of liability in deceit for the fraud of his agent, but is nevertheless subject to rescission on the part of the defrauded party. This rule proceeds upon the theory that an innocent principal so contracting may not be permitted to enrich himself by reason of his agent’s fraud and that any property received by such principal is held by him as a constructive trustee for the person defrauded.
 

 This doctrine has application here. The fact that respondent's written contract to purchase a lot contained a clause restricting the representations to those therein set forth, did not preclude the respondent under the foregoing rule, from rescinding the contract for the false representations of the selling agent and recovering the money paid thereunder from the principal or any trustee to whom the same had been paid. However, inasmuch as the rule in
 
 Speck
 
 v.
 
 Wylie, supra,
 
 is grounded upon unjust enrichment, and was announced subsequent to the trial of this cause, we are of the view that the appellant, as trustee of the money paid to it by respondent, should be afforded the opportunity of showing, as it asserts it can, that it has paid over to the beneficial owner the money for which judgment has been taken against it. Such a showing, if made, will disclose that the appellant, an innocent party to the fraud, has not been unjustly enriched and will preclude the entry of a monetary judgment against it under the rule mentioned.
 

 That portion of the judgment awarding plaintiff $1890 as against the appellant Citizens National Trust and Savings Bank, as trustee, is reversed, with directions to the court below to permit said appellant if it be so inclined, to offer evidence as to the disposition of the money paid to it by the respondent, and the court is further directed, upon such showing being made, to make its findings and enter judgment as between said two parties in conformity with the views herein expressed.
 

 Edmonds, J., Langdon, J., Seawell, J., and Shenk, J., concurred.