[L. A. No. 19172. In Bank. Dec. 11, 1945.]

ARTHUR L. HERZOG, Respondent, v. CAPITAL COMPANY (a Corporation) et al., Appellants.

Louis Ferrari, Edmund Nelson, G. L. Berrey and Hugo A. Steinmeyer for Appellants.

Monroe & McInnis and C. Rupert Linley for Respondent.

GIBSON, C. J.—In June, 1938, defendants, acting through their local agent, Yakel, sold plaintiff a house in San Diego for $9,500, representing that it was in "sound condition" and "perfectly intact." The house began to leak badly during a heavy rain in January, 1940, and a subsequent inspection disclosed that the leakage was due to the use of defective materials and improper bracing. This action for damages for alleged fraud in the sale of the house resulted in a judgment in favor of plaintiff in the sum of $3,500.

Defendants list several grounds which they contend require a reversal of the judgment. First, they claim that the action is barred by the statute of limitations because it was not commenced within three years after the date of the sale and that the pleading and proof as to the discovery of the fraud within the statutory period is insufficient. The sale was made in June, 1938, and the fraud is alleged to have been discovered in January, 1940. The action was filed within three years thereafter. The complaint alleged that when plaintiff inspected the house, it had been freshly painted thereby concealing from him, or anyone else making a reasonable inspection of the premises, the defective condition which caused the leaks, and that since there were no heavy rains until January, 1940, he did not sooner discover that the house leaked. It was further alleged that during the heavy rains

in 1940, the house commenced to leak and that plaintiff thereupon made an investigation and discovered that the house was not in sound condition as represented. The facts pleaded relative to the time and circumstances of the discovery of the fraud are clearly sufficient. The allegations were amply supported by the evidence, and the court was justified in finding that the statute of limitations had not run. (*Hobart* v. *Hobart Estate Co.*, 26 Càl.2d 412, 436-444 [159 P.2d 958]; *Victor Oil Co.* v. *Drum*, 184 Cal. 226 [193 P. 243]; *Lady Washington C. Co.* v. *Wood*, 113 Cal. 482 [45 P. 809].)

■ It is also argued that the representations which were made by Yakel, local agent for defendants, were not fraudulent as there is no evidence to support the finding that he had knowledge of the defective condition of the house. The house was built in 1926 and sold by I. M. Schulman to defendants in 1937. Schulman testified that during the ten years he occupied the premises he constantly had trouble with water coming into the house during rainstorms and that although he had spent several thousand dollars to prevent the leaks he had been unable to do so. At the time the sale was made to defendants, Schulman informed Yakel that the house leaked and the sale was made ''as is'' with the express understanding that there should be no ''come back'' on Schulman by reason of the defective condition of the house. After defendants obtained possession, Yakel employed a contractor to make certain repairs. While the work was in progress, there was a heavy rain and the house leaked badly. It thus appears that Yakel had knowledge of the prior history of the house and knew of its defective condition. When Yakel conducted plaintiff through the house in June, 1938, it had been newly painted inside and outside. Plaintiff noticed marks of plaster patches and on inquiry was informed by Yakel that there had been some leaks but that the house had been repaired and was ''in perfect condition in all respects.'' Yakel made these positive representations either with actual knowledge of their falsity or in a manner not warranted by the information he possessed.

Defendants' assertion that the representations were mere ''sales talk,'' and therefore not actionable, is obviously without merit.

■ It is claimed, however, that the trial court erred in holding defendants liable because the agreement of sale ex-

pressly provided that there were no promises, representations, verbal understandings or agreements except those contained therein.

A defrauded purchaser is not precluded by a provision of this kind from rescinding and pursuing the innocent seller far enough to secure a return of the consideration paid. (*Speck* v. *Wylie*, 1 Cal.2d 625 [36 P.2d 618]; *Lozier* v. *Janss Investment Co.*, 1 Cal.2d 666, 669 [36 P.2d 620]; *Greenberg* v. *DuBain Realty Corp.*, 2 Cal.2d 628, 629 [42 P.2d 628]; *Graham* v. *Los Angeles First N. T. & S. Bank*, 3 Cal.2d 37, 43 [43 P.2d 543]; *Weiner* v. *Roof*, 10 Cal.2d 450, 452-453 [74 P.2d 736]; Rest., Agency, §§ 259, 260.) Such a provision, however, will relieve an honest seller from liability for *damages* arising from the fraudulent representations of his negotiating agent. (*Harnischfeger Sales Corp.* v. *Coats*, 4 Cal. 2d 319, 320, 321 [48 P.2d 662]; *Schroeder* v. *Dickinson & Gillespie Corp.*, 6 Cal.App.2d 175, 179 [44 P.2d 425]; see *Speck* v. *Wylie*, 1 Cal.2d 625, 627-628 [36 P.2d 618]; *Gridley* v. *Tilson*, 202 Cal. 748 [262 P. 322]; Rest., Agency, § 260.) This rule, of course, applies only to recovery of damages based upon the misrepresentations of the agent, and it does not exempt the principal from liability for his own conduct.

█ Although plaintiff was notified by the contract provision that Yakel had no authority to make representations or enter into verbal understandings in connection with the sale of the property, it is clear that Yakel knew of the defective condition of the house and that he was acting within the scope of his authority when he caused it to be refinished and newly painted, thereby effectually concealing the structural defects. The knowledge of an agent, which he is under a duty to disclose to his principal, is to be imputed to the principal (Rest., Agency, § 275), and, accordingly, defendants are charged with Yakel's knowledge. █ Under these circumstances they had a duty to reveal the hidden and material facts concealed by their agent and of which they had knowledge, and their failure to disclose them constituted fraud. (Civ. Code, § 1572, subd. 3; *Rothstein* v. *Janss Investment Co.*, 45 Cal.App.2d 64 [113 P.2d 465]; *Clauser* v. *Taylor*, 44 Cal.App.2d 453, 454 [112 P.2d 661]; *Kretszchmar* v. *Janss Investment Co.*, 126 Cal.App. 698, 702 [14 P.2d 1069]; see Rest., Torts, § 550; Rest., Contracts, § 472, subd. (b) and comment b.) █ With respect to this positive duty of disclosure plaintiff could rely on Yakel's actual as well as os-

tensible authority, for the provision in the contract related only to the exclusion of liability for representations and verbal understandings. A principal under a positive duty to make a disclosure cannot escape liability for failure to do so by relying on a contract provision to the effect that there are no other representations except those contained in the written agreement. (*Rothstein* v. *Janss Investment Co.*, 45 Cal.App. 2d 64 [113 P.2d 465].)

■ Finally, defendants claim that there was no proof of the *actual* value of the property and that therefore there was no evidence to support the findings on damages. Plaintiff was entitled to recover the difference between what he paid for the property and its actual value, together with any additional damages arising from the particular transaction. (Civ. Code, § 3343.) There was testimony that the reasonable market value of the property was $4,500. While reasonable market value is not necessarily actual value, it is not improper for the court to consider the former in determining the latter. The court found the property was worth less than $6,000 and fixed the damages in accordance with the measure set forth in the statute.

The judgment is affirmed.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.