[Civ. No. 7029. Fourth Dist. Jan. 29, 1963.]

JACK L. NECE et al., Plaintiffs and Respondents, v. GEORGE BENNETT et al., Defendants and Appellants.

Turner & McGraw and Preston Turner for Defendants and Appellants.

Lawton, Christensen, Rouse & Bergman and G. Merle Bergman for Plaintiffs and Respondents.

MONROE, J. pro tem.*—This action arose out of a transaction on about August 1, 1958, by which defendants sold to plaintiffs real property in the City of Anaheim, improved by a motel, and adjoining real property upon which there was located a residence. The sale was for an agreed cost of $85,000. The plaintiffs brought action to recover damages for fraud; a judgment was rendered in their favor in the amount of $1,133.84, from which defendants appeal.

The substance of plaintiffs' amended complaint was that prior to the sale the defendants had obtained a zone variance approved by the Planning Commission of the City of Anaheim. It is alleged said variance was subject to the following conditions: (a) The deeding of 27 feet along the west side of the property for the improvement of Stinson Street, a private road at the present time; (b) "Engineering requirements."

It was further alleged that although the defendants had fulfilled the first requirement by executing a deed for the right of way as required, they had failed and refused to comply with the "engineering requirements." The allegation was that the engineering requirements so referred to "pertained to the installation of street improvements, including curb and gutter, sidewalk and paving."

The alleged fraud relied upon constituted the alleged concealment of the fact that the zone variance was subject to said "engineering requirements" which had not been complied with.

The principal assignments of error upon which defendants and appellants rely are to the effect that the evidence is insufficient to support the findings and judgment in many particulars. In view of the fact that it is necessary to reverse the judgment, it would serve no useful purpose to consider all of these claims in detail. However, some discussion thereof is in order, in case of another trial.

No claim was made of a fraudulent misrepresentation of fact, but the claim of fraud was based solely upon the charge

*Assigned by Chairman of Judicial Council.

496

of concealment. It is true that ordinarily vendors and purchasers deal at arms' length and the seller is not required to disclose everything he may know about the property. (*Bacon* v. *Soule,* 19 Cal.App. 428 [126 P. 384].) There are, however, several exceptions to this rule. If there exists a relationship of trust and confidence, a failure to disclose constitutes deceit. (*Stevens* v. *Marco,* 147 Cal.App.2d 357, 378 [305 P.2d 669]; *Savings Bank* v. *Schell,* 142 Cal. 505 [76 P. 250].) ■ In the sale of property a vendor may be held guilty of fraud where he knows of facts that materially affect the desirability of the property and which he knows will probably not be discovered by the vendee. (23 Cal.Jur.2d 113; *Dyke* v. *Zaiser,* 80 Cal.App.2d 639 [182 P.2d 344]; *Clauser* v. *Taylor,* 44 Cal. App.2d 453 [112 P.2d 661]; *Herzog* v *Capital Co.,* 27 Cal.2d 349 [164 P.2d 8].)

■ Furthermore, it is held that although a seller be under no duty to disclose the truth, nevertheless, if he choose to speak with reference to matters which affect the value of the property, he must make a full disclosure of all the facts and may not conceal any part of them. (23 Cal.Jur.2d 112; *Milmoe* v. *Dixon,* 101 Cal.App.2d 257 [225 P.2d 273]; *Barder* v. *McClung,* 93 Cal.App.2d 692 [209 P.2d 808].)

There existed no confidential relationship between the parties. It is very doubtful whether the evidence would be sufficient to support the judgment upon the theory of mere concealment of facts adversely affecting the value of the property, for the reason that it is doubtful whether the matters complained of were of sufficient materiality and sufficiently affected the value to bring the case within that rule. However, there is evidence that Mr. Bennett, during the course of the negotiations, did state that he had conveyed an easement as required by the variance permit, and that the street would be improved and that he was not obligated to do it. If Mr. Bennett undertook to discuss that phase of the matter, he would have the duty to discuss it truthfully and correctly.

The evidence reveals considerable doubt with reference to the alleged duty to improve the street. The expression incorporated in the zone variance that it was subject to "engineering requirements" is certainly not self-explanatory. In an attempt to explain what the language was intended to mean, reference was made to chapter 12.28 of the ordinance of Anaheim. This provision purports to require improvement of the abutting street in connection with the improvement of the property. Whether the use of that language in the zone vari-

ance was intended to express a duty on the part of the defendant or whether it was intended to express that the property was subject to the same general provisions as was other property in the city, is not clear. The fact remains that the variance was issued, the motel buildings were moved onto the property and a motel business was started and successive licenses were issued by the city without any demand from any city official or department that anything be done about the street. The street in question was along the side of the property and was not the street upon which the motel fronted.

It is with reference to the proof of damages that the record is fatally deficient. In an action for damage for fraud the burden rests upon the plaintiff to prove those facts which entitle him to recover damage in accordance with the measure of damages fixed by law. By section 3343 of the Civil Code, the measure of damages in an action by a purchaser to recover damages for fraud is ''the difference between the actual value of that with which the defrauded person parted and the actual value of that which he received.'' There is also provision for additional damages which are not involved in this action. This provision sets forth what is known as the out-of-pocket rule and which has been the law in California since 1935.

At the time of the decision of *Herzog* v. *Capital Co., supra,* there existed some question as to what was meant by the term ''actual value.'' The court held in that case that the court properly received evidence of the market value of property, stating that although market value was not necessarily actual value, yet it was good evidence thereof. Later, in *Kantlehner* v. *Bisceglia,* 102 Cal.App.2d 1 [226 P.2d 636], at page 4, the court stated that the value referred to was market value.

All doubt concerning this matter was set at rest, however, in the carefully considered opinion in *Bagdasarian* v. *Gragnon,* 31 Cal.2d 744, 753 [192 P.2d 935], where it was definitely and finally determined that the term ''actual value'' as used in the statute, was that same market value so frequently defined in actions for condemnation.

In the instant case Mr. Nece testified that he did not know the value of the property. Mrs. Nece testified that using a formula of four times the gross annual earnings of the place would produce a figure of $85,000, assuming that the house and lot included in the transaction were worth $13,000. Another witness on behalf of plaintiff testified to the same thing. It is true that the earnings from a commercial property are one of the factors to be considered in determining its market

value, but the term market value, as it is used in law, means an entirely different thing. ▮ Neither witness gave evidence of market value. Despite the repeated insistence of the trial judge that he doubted the sufficiency of the proof of value in that manner, plaintiff did not produce any other testimony. Testimony was offered on behalf of the defendant, likewise based upon applying various formulae to the estimated income, which, however, produced a value of something over $100,000. It developed during the trial that the plaintiffs had entered into a contract for the sale of the property for the amount of $96,000. The witnesses for plaintiffs claimed that by reason of the alleged obligation to pave the side street, the property would necessarily be worth an amount less than its value otherwise, measured by the cost of such improvements. The court found that the probable cost of the improvements would be $1,113.49. ▮ The difficulty with this approach is that it is tantamount to deciding the question in accordance with the rule of damages that existed prior to the amendment of section 3343 of the Civil Code. Under that prior ruling, purchaser was entitled to the ''benefit of his bargain,'' and so regardless of the value he could have been well entitled to an amount measured by the cost of the proposed improvements, as constituting damage. Such approach begs the entire question. Under the present rule it is necessary to determine the value of the property purchased. If that value is equal to or more than the amount paid for the property, there can be no recovery.

▮ By reason of the fact that there was no substantial evidence to prove the market value of the property at the time of the purchase, the plaintiffs failed to meet the burden of establishing the cause of action, and it becomes necessary to reverse the judgment and remand the case for a new trial.

The judgment is reversed.

Griffin, P. J., and Coughlin, J., concurred.