[Civ. No. 26108. Second Dist., Div. Three. Mar. 20, 1963.]

M. JACK LONDON, Plaintiff and Respondent, v. OSCAR GUBERMAN, Defendant and Appellant.

P. Basil Lambros and Samuel Z. Winnikoff for Defendant and Appellant.

Sidney G. Blacker and Schwartz & Kaufman for Plaintiff and Respondent.

FORD, J.—This is an appeal from a judgment for the plaintiff in an action for the recovery of damages because of fraud in the sale of an advertising business. The findings

of fact of the trial court are challenged with respect to the matter of the plaintiff's reliance on the representations made to him and also insofar as the defendant contends that there was error in that findings of fact were not made as to certain issues raised by his answer. It is asserted that if the findings of fact had covered all of the issues, the defendant would have been entitled to judgment. A final contention is that the trial court should not have received in evidence certain documents and that a portion thereof constituted the only evidence which gave support to the finding of fact that the representations were false.

Reference will be made to part of the findings of fact. It was found that both the defendant and his agent, Joseph Goodman, made representations to the plaintiff. Such representations were false and misleading and known so to be by the defendant. The representations were that the business had yielded to the defendant gross receipts of $24,975.50 for the period of six months which ended on June 30, 1957; that the net profits for that period were $6,063.19; that the business showed a net profit of $1,000 per month; and that the gross receipts for the month of August 1957 were $8,597.50. The plaintiff acted in reliance on those representations and was thereby induced to purchase the business from the defendant.

One of the matters as to which the defendant claims a finding of fact should have been made is set forth in what is designated as the first affirmative defense in his answer. It relates to two provisions of the agreement of October 1, 1957, between the parties. Those provisions are of an exculpatory nature and are set forth in the footnote.[1] A copy of the agreement was attached to the complaint and incorporated therein by reference. ■ The applicable law with

[1] "Said purchase is subject to the following terms:

"(a) The purchaser hereby certifies: . . . that no statements, promises, commitments, or representations not contained in this agreement have been made by the seller, or any of his agents; [sic] to induce purchaser to execute this agreement; that the seller and the undersigned broker are not responsible for, nor bound by, any representations not contained in this agreement made by any of their respective agents unless the same be reduced to writing and signed by said seller or broker, as the case may be.

(b) The purchaser hereby expressly certifies that neither the seller nor his agents have made any written or verbal representations or guarantees in regard to the receipts. or profits, either gross or net received in, or made therefrom, in the future, and hereby further certifies that he has personally examined the said business and satisfied himself of his ability to conduct the same in sole reliance upon his own investigation and judgment."

respect to provisions of that nature is stated in *Herzog* v. *Capital Co.*, 27 Cal.2d 349 [164 P.2d 8], at pages 352-353, as follows: "It is claimed, however, that the trial court erred in holding defendants liable because the agreement of sale expressly provided that there were no promises, representations, verbal understandings or agreements except those contained therein. . . . Such a provision, however, will relieve an honest seller from liability for *damages* arising from the fraudulent representations of his negotiating agent. (*Harnischfeger Sales Corp.* v. *Coats*, 4 Cal.2d 319, 320, 321 [48 P.2d 662]; *Schroeder* v. *Dickinson & Gillespie Corp.*, 6 Cal.App.2d 175, 179 [44 P.2d 425]; see *Speck* v. *Wylie*, 1 Cal.2d 625, 627-628 [36 P.2d 618]; *Gridley* v. *Tilson*, 202 Cal. 748 [262 P. 322]; Rest., Agency, § 260.) This rule, of course, applies only to recovery of damages based upon the misrepresentations of the agent, and it does not exempt the principal from liability for his own conduct." (See also 50 Cal.Jur.2d, Vendor and Purchaser, § 443.)

 The evidence warranted the trial court in drawing the inference that the defendant was not innocent with respect to the misrepresentation of facts as to the amount of business done and profits realized in the past. The plaintiff testified that on the first occasion when he went into the defendant's place of business, Mr. Goodman "walked to the rear of the office behind a glass half partition, where a gentleman, Mr. Guberman [the defendant], was seated at his desk, behind that glass, and came back from that desk with this statement." The statement was then given to the plaintiff by Mr. Goodman. At the top of the document was the typewritten name and address of the business. It contained the following words as a heading: "Operating Statement, January 1, 1957 to June 30, 1957." The receipts were stated to be $24,975.50. Various operating expenses in the total amount of $18,912.31 were set forth in the body of the document. The last line on the paper was as follows: "Net Profit (1/1-6/30/57) $6,063.19." After the sale had been made and before the plaintiff commenced operating the business, he showed the statement to the defendant and discussed items thereon with him. The defendant told him to forget about one item of expense listed thereon, namely, auto expense, and drew a line through it with a pencil. In view of such testimony, in the process of weighing the evidence the trial court was justified in drawing the inference that the typewritten statement emanated

from the defendant personally, even though the defendant testified that he never saw the statement and did not authorize Mr. Goodman to make representations as to the income of the business. Consequently, the provisions of the contract to which reference has been made could not shield the defendant from liability for fraud. The findings of fact which were in substance that the defendant personally made the representations, knowing them to be false, were sufficient to embrace the issue which the defendant sought to raise by pleading the exculpatory provisions of the contract. There was no error. (See *Arsenian* v. *Meketarian*, 138 Cal.App.2d 627, 632 [292 P.2d 293].)

In what was denominated a second affirmative defense, the defendant alleged that ''any loss or damage suffered by plaintiff is the result of plaintiff's own negligent mismanagement of the business subsequent to the purchase by plaintiff'' from the defendant. The defendant complains that no specific finding of fact was made with respect to that allegation. At most, it was in effect a denial that there was any fraud on the part of the defendant which caused damage to the plaintiff; that matter was adequately covered by the findings of fact made by the trial court. It is true that there was some testimony tending to show that the plaintiff was inept in the operation of the business after the sale. But, if it be assumed that such testimony had some evidentiary value with respect to an issue properly before the trier of fact, the matter of whether or not the plaintiff was inept did not constitute an ultimate fact as to which a finding was necessary. ''It is the ultimate facts, those to which the legal consequences attach, and not the probative or evidentiary facts which establish them, that must be found by the trial court.'' (*People* v. *Hecker*, 179 Cal.App.2d 823, 832 [4 Cal.Rptr. 334].)

The defendant contends that the plaintiff was not justified in relying upon the representations. He first asserts that the exculpatory language of the agreement precluded reasonable reliance. But that argument is devoid of merit under the governing law heretofore discussed. It is further asserted that ''if he was relying on the operating statement, then certainly his conduct in the light of his own intelligence and information would be unreasonable.'' The plaintiff testified that he did rely on that statement when he bought the business. But a consideration of the applicable law shows that the defendant's contention is unsound. As stated

in *Stevens* v. *Marco,* 147 Cal.App.2d 357 [305 P.2d 669], at pages 378-379: " 'Even when contracting parties are adverse to each other, either has the right to rely upon an express statement made by the other of an existing fact of which the truth is known to the other and unknown to him.' (*Calmon* v. *Sarraille,* 142 Cal. 638, 642 [76 P. 486].)

█ Furthermore, where one is justified in relying, and does in fact rely, upon false representations, his right of action is not destroyed merely because opportunities for examination or means of knowledge were open to him where no legal duty devolved upon him to employ such means of knowledge." █ Whether the plaintiff's reliance was justified was a question to be resolved by the trial court (see *Bank of America* v. *Greenbach,* 98 Cal.App.2d 220, 235 [219 P.2d 814] ; *Sanders* v. *Park Beverly Corp.,* 109 Cal.App. 2d 698, 702 [241 P.2d 597] ), and its determination on that issue in the present case finds substantial support in the record.

The defendant testified that he had brought into court all of the books relating to the income or expense of the business. █ The plaintiff offered in evidence the portion of a ledger pertaining to the year of 1957, which ledger the defendant identified as being a "record book" of the business. Over the defendant's objection that no proper foundation had been laid for its admission, that portion was received in evidence as an exhibit. It is argued that there was no compliance with the requirements of the Uniform Business Records as Evidence Act (Code Civ. Proc., § 1953e et seq.), and, therefore, that portion of the records was inadmissible. But that contention is without merit. The governing law is stated in Witkin, California Evidence, section 283, at page 321, as follows: "Even if an entry fails to meet the conditions of the liberal Uniform Act . . . it may often be used in various ways independent of this exception; e.g.. as an admission of a party. . . ." (See also *Arocena* v. *Sawyer,* 60 Cal.App. 581, 586-587 [213 P. 523] ; 5 Wigmore, Evidence (3rd ed. 1940) § 1557, pp. 411-412; McCormick, Law of Evidence (1954) § 281, p. 596.)

█ The plaintiff testified that prior to his purchase of the business Mr. Goodman showed him "a group of yellow sales receipts" which "were purported to be the gross sales by all salesmen . . . for the month of August, 1957." Mr. Goodman permitted the plaintiff to make a tabulation thereof in his own handwriting. When the tabulation was first offered in evidence, the defendant's objection was sustained.

However, near the end of the trial, the trial judge stated that he believed that the written tabulation was admissible, and it was received in evidence. The defendant did not restate his objection at that time. But if it be assumed that the court erred, such error was not prejudicial. Even had there been no evidence with respect to the alleged representation as to the gross amount of business done in August of 1957, the evidence of other fraudulent misrepresentations was amply sufficient to sustain the judgment for the plaintiff because a single material misrepresentation will suffice to support an action for damages. (*Cross* v. *Bouck*, 175 Cal. 253, 257 [165 P. 702].) Consequently, there has been no miscarriage of justice. (See *Williams* v. *Lambert*, 201 Cal. App.2d 115, 126 [19 Cal.Rptr. 728].)

The judgment is affirmed.

Shinn, P. J., and Files, J., concurred.