[No. B015448. Second Dist., Div. Four. Mar. 5, 1986.]

MARVIN G. PRICHARD et al., Plaintiffs and Appellants, v.
ROY A. REITZ et al., Defendants and Respondents.

466

**COUNSEL**

William R. Larr for Plaintiffs and Appellants.

Booth, Mitchel, Strange & Smith and Kristin E. Meredith for Defendants and Respondents.

## OPINION

**KINGSLEY, Acting P. J.**—Plaintiffs purchased a parcel of real property from defendant Reitz, without knowing, and without being told, that the foundation under the house on the property was so defective that the house could not legally or safely be occupied. When they discovered the defect, their only remedy was to tear down the existing house and rebuild with an adequate foundation. They attempted in three versions of their complaint to state a cause of action against defendant Reitz as well as other defendants. The trial court sustained without leave to amend a demurrer to their final (second) amended complaint. We reverse.

■   Plaintiffs' first two contentions are without merit. These contentions are that the trial court erred in sustaining the demurrers to the second and third causes of action of the first amended complaint. By electing to amend, as they did, after the court sustained the demurrers to the first amended complaint, plaintiffs waived any error in the ruling sustaining those demurrers. (See 5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 940, pp. 375-376, and cases cited therein.)

■   Under *Easton* v. *Strassburger* (1984) 152 Cal.App.3d 90, 99 [199 Cal.Rptr. 383], a licensed real estate broker is required to volunteer any material adverse information about the real property being sold. In this case, defendant Reitz was both a licensed real estate broker and the owner of the property sold. His contention, sustained by the trial court, was that since it was his property, he was not obligated to tell the buyers about the defective foundation, although he knew of it.

In *Robinson* v. *Murphy* (1979) 96 Cal.App.3d 763 [158 Cal.Rptr. 246], a licensed real estate broker sold a defective residential property owned by his wife and himself to the plaintiff-purchasers. Plaintiffs obtained judgment against him. *That judgment was not appealed.* Defendant later filed for bankruptcy, and the judgment remained unsatisfied. Plaintiffs then filed an application pursuant to Business and Professions Code section 10471[1] for an order directing payment of the judgment out of the Real Estate Education, Research and Recovery Fund (Fund) and, after plaintiffs brought an action joining the Fund as real party in interest, the trial court granted plaintiff-purchasers recovery. The Fund and Murphy appealed the order directing payment from the Fund of the judgment against owner-real estate broker Murphy.

The appellate court reversed that order, holding that the right to recover against the Fund is a statutorily created cause of action, which, under the

---

[1]All statutory references herein are to the Business and Professions Code.

express provisions of section 10471, "authorize[s] recovery from the [Fund] only if a broker performed acts for which a real estate license is required, i.e., if he acted for another in the fraudulent transaction." (*Robinson v. Murphy, supra,* 96 Cal.App.3d at p. 768.)

The concerns in the *Robinson* case centered around the statutorily created right of defrauded purchasers to recover from the Fund. There is an obvious public interest in not dissipating that Fund in marginal cases. The *Robinson* case did not decide an appeal of the judgment against Murphy, the owner-real estate broker, and that judgment survived intact. The case before us does not involve any right against the Fund, whether statutorily created or not, but rather the right against the seller himself. The *Robinson* court in dicta stated that a broker selling real property which he owned was entitled to a property owner's exemption even though he had added a real estate commission to the negotiated sale price. To the extent that *Robinson* might be deemed to stand for that proposition, we decline to follow it. No commission is due on the sale of one's own property, and the broker-seller who demands a commission in addition to the negotiated sale price is holding himself out as having acted as a broker in the transaction. Although, in fact, no commission was due the broker-seller, he simply "chiseled" an extra compensation from the buyer. In so doing, he voluntarily subjected himself to the duty of disclosure. (*Easton v. Strassburger, supra,* 152 Cal.App.3d 90.)

Moreover, plaintiffs' second amended complaint alleged that defendant "Reitz represented to the plaintiffs that the residential structure on the property which he was offering for sale was in sound condition and adequate repair," and that he "knew the true facts [i.e., that the foundations were entirely defective, and that it was necessary for the health and safety of anyone who would inhabit the property to entirely demolish the structure and rebuild it anew] when he made the aforesaid material misrepresentations of fact to the plaintiffs [and] intentionally concealed the true facts and misrepresented the adequacy and soundness of the structural condition of the house which he sold to the plaintiffs."[2]

These allegations of the second amended complaint, coupled with the factual pleading of the other elements of this tort, constituted an adequate factual allegation of fraud and bring this case, if proven at trial, within the holding of *Herzog v. Capital Co.* (1945) 27 Cal.2d 349, 353 [164 P.2d 8]. As the *Herzog* court said at page 353 of its opinion: "A defrauded purchaser

---

[2]For the purpose of testing the question of law raised, the demurrer admits the truth of all material, issuable facts properly pleaded in the complaint. (*Woodroff v. Howes* (1891) 88 Cal. 184, 189 [26 P. 111]; *Griffith v. Department of Public Works* (1956) 141 Cal.App.2d 376, 381 [296 P.2d 838].)

is not precluded by [an 'as is' provision or an express provision that there were no promises, representations, verbal understandings or agreements except those contained in the sales agreement] from rescinding and pursuing the innocent seller far enough to secure a return of the consideration paid. [Citations.] Such a provision, however, will relieve *an honest seller* from liability for *damages* arising from the fraudulent representations of his negotiating agent. [Citations.] *This rule, of course, applies only to recovery of damages based upon the misrepresentations of the agent, and it does not exempt the principal from liability for his own conduct.*" (First and third italics added; second italics in original.)

The *Herzog* court's statement that the (real estate-owner-seller) principal is not exempted from liability for his own conduct, makes it clear that a real estate owner who makes material false representations to a purchaser upon which representations he intends purchaser to rely, and upon which representations the purchaser does rely to his detriment, is not exempted from liability for that conduct. In fact, the *Herzog* court went one step further and held that the defendant owner-sellers "had a duty to reveal the hidden and material facts concealed by their agent and of which they had knowledge, and their failure to disclose them constituted fraud. [Citations.]" (27 Cal.2d at p. 353.)

The allegations of the second amended complaint do not describe "an honest seller." Plaintiffs have set forth causes of action entitling them to damages, if proven.

We affirm the order of the court below as to the first cause of action of the second amended complaint for restitution, not on the basis that it fails to state a cause of action in rescission, which it does not purport to do, but rather on the basis that it fails to state facts constituting a cause of action for restitution inasmuch as plaintiffs allege therein that they themselves caused the house to be destroyed.

The order (judgment) of dismissal is reversed as to the second, third and fourth causes of action of the second amended complaint against respondent Roy A. Reitz.

McClosky, J., and Luke, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.