[L. A. No. 14015. In Bank.—March 21, 1935.]

JOSEPH GREENBERG, Appellant, v. DU BAIN REALTY
CORP. (a Corporation) et al., Respondents.

Benjamin Chipkin for Appellant.

Joseph Musgrove, Thomas H. Cannan and Fred O. McGirr
for Respondents.

WASTE, C. J.—Plaintiff bought two lots from defendant
corporation Du Bain Realty Corp., through Stoll and Boyd,
salesmen for the realty corporation, agent for Ambassador
Park Syndicate, in 1923. According to his complaint, he
did and performed everything of him required to be done
under and in pursuance of the terms of the agreement and
contract for the purchase of the lots, and was not in default.

He gave notice of rescission in February, 1932, and brought this action upon refusal of the defendants to restore his money. The trial court sustained a demurrer to the third amended complaint, and the District Court of Appeal affirmed the judgment entered thereon for defendants. It held that plaintiff's claim of fraudulent representations of the agent is not tenable in view of a stipulation in the contract entered into limiting the agent's authority, under the doctrine of *Gridley* v. *Tilson*, 202 Cal. 748 [262 Pac. 322]; and also that plaintiff's right to rescind was barred by laches and by the statute of limitations.

The case was taken over by this court in order to eliminate the language dealing with the *Gridley* v. *Tilson* rule, which is now limited, in view of the decisions of this court in *Speck* v. *Wylie*, 1 Cal. (2d) 625 [36 Pac. (2d) 618, 95 A. L. R. 760], and *Lozier* v. *Janss Investment Co.*, 1 Cal. (2d) 666 [36 Pac. (2d) 620], which were handed down after the opinion in this case was filed by the District Court of Appeal. ▇ In these later cases the rule is now firmly established that a rescission of contract may be had against even an innocent principal because of unauthorized misrepresentations by his agent, even though the rescinding party had notice of the agent's lack of authority. In those decisions, we endeavored to, and believe we did, make it clear that the basis for our conclusion is the equitable rule against unjust enrichment. As stated by the author of the concurring opinion in the Wylie case: "The rule proceeds upon the theory that an innocent principal so contracting may not be permitted to enrich himself by reason of his agent's fraud, and that any property received by such principal is held by him as a constructive trustee for the person defrauded." We are therefore of the view that the claim of plaintiff may be maintained.

▇ Plaintiff bought the lots in 1923, while in California. He paid something down on the purchase price, and began making periodical payments on the balance. Between October 8, 1923, and October 7, 1931, he paid in all the amount of $3,372.56. Plaintiff lived in New York, and during the period of making his payments he wrote to defendants asking them to install the improvements represented by them as part of the consideration for the purchase by him of the lots. The replies of the defendants led plaintiff to believe they would do so, and he continued to make payments on

the purchase price of the lots. Shortly after making the agreement for the purchase of the lots, plaintiff left California for his home in New York, and did not return to California until October, 1931. He thereupon inspected the property and found the promised improvements had not been made. After negotiations as to the cause of the failure to install the improvements set forth in the contracts and prospectus of the tract, the plaintiff, on February 9, 1932, in writing, notified defendants of the rescission by him of the contract of purchase, and tendered everything of value he had received in the transaction, together with a quitclaim deed of the property from himself to Ambassador Park Syndicate, owner of the tract, and demanded from defendants the total amount, $3,372.56, paid by him. The defendants refused the tender, and declined to pay the money. This action was commenced on February 10th, the day following the rescission.

In our estimation, the action was not barred either by laches or by the statute of limitations.

The judgment is therefore reversed. The cause is remanded to the trial court with directions to overrule the demurrer, permit the defendants to answer, and proceed with the trial of the cause.

Preston, J., Curtis, J., Langdon, J., and Seawell, J., concurred.

Rehearing denied.