[Civ. No. 21333.   Second Dist., Div. Three.   Feb. 29, 1956.]

KENT J. WORTHEN et al., Respondents, v. RALPH JACKSON et al., Defendants; BENTON R. ESTES et al., Appellants.

Tudor Gairdner for Appellants.

Fred G. Kennedy for Respondents.

VALLÉE, J.—Appeal by defendants from a judgment rescinding a contract of sale of real property on the ground of

fraud. The property was improved with a one-family residence.

The elements of fraud were proven and found. The misrepresentations were that the property was not filled earth. Contrary to defendants' contention, it was determined the property was filled earth. A soil engineer testified the earth was filled; the fill varied in depth from about 4 feet to about 12 feet and at some spots it was zero; the house was built on filled ground, except a small part which was on natural ground. The court found the property was filled earth and not suitable to provide a solid foundation for the building thereon.

The misrepresentations were made by defendants' agent, a real estate salesman. It is argued that defendants are not responsible for the representations of their agent. ██ Rescission of a contract may be had as against even an innocent principal because of unauthorized misrepresentations by his agent. (*Simmons* v. *California Institute of Technology,* 34 Cal.2d 264, 273 [209 P.2d 581].) ██ An innocent principal so contracting will not be permitted to enrich himself by reason of his agent's fraud, and any property received by the principal is held by him as a constructive trustee for the person defrauded. (*Greenberg* v. *Du Bain Realty Corp.,* 2 Cal.2d 628, 629 [42 P.2d 628] ; *Weiner* v. *Roof,* 10 Cal.2d 450, 452 [74 P.2d 736].) Defendants are responsible for the misrepresentations of their agent. Furthermore, there was evidence from which the court could infer that defendants knew the house was built on filled earth and that they intentionally concealed the fact from plaintiffs.

The complaint alleged plaintiffs notified defendants of their intention to rescind and offered to tender back the property. In their answer defendants admitted the allegation, that is, they admitted they received a notice of intention to rescind and an offer to restore. Defendants claim rescission was not accomplished because plaintiffs merely alleged they gave notice of their intention to rescind and did not allege they gave notice that they actually rescinded. The point is made for the first time on appeal. Plaintiff Kent J. Worthen testified he directed his attorney to send a notice of rescission to defendants and that to his own knowledge this notice was sent. This testimony was not contradicted. ██ An objection that notice of rescission was not given will not be considered on review if not raised below. (*Cherry* v. *Hayden,*

100 Cal.App.2d 416, 420 [223 P.2d 878].) ▮ Furthermore, it is not necessary that the notice to rescind be formal and explicit; it is sufficient that notice be given which clearly shows the intention of the person rescinding to consider the contract at an end. (*McNeese* v. *McNeese,* 190 Cal. 402, 405 [213 P. 36].) Such was the case here.

It is argued for the first time on appeal that plaintiffs were guilty of laches. There is nothing on the face of the complaint to indicate laches. Defendants did not plead any facts giving rise to laches. ▮ Laches cannot initially be asserted on review, but must be presented in some manner in the trial court in order that the plaintiff may have the opportunity to meet it. (*Reed* v. *Norman,* 41 Cal.2d 17, 21-22 [256 P.2d 930]; 18 Cal.Jur.2d 226, § 52.)

▮ Finally, defendants claim the findings are irreconcilably inconsistent. We find no such inconsistency. Defendants first say paragraphs I and II of the findings are inconsistent with paragraph IV thereof. Paragraph I of the findings finds that all the allegations of the first count of the complaint are true except paragraphs VI and XV. Paragraph II of the findings finds that defendants' agent made the false representations for the purpose of deceiving plaintiffs and to induce them to purchase, and that they were known or should have been known to the agent to be false. Paragraph IV of the findings finds that the allegations of paragraph XV of the first count are untrue. Paragraph II of the complaint alleges the making of the false representations by defendants' agent. Paragraph XV of the complaint alleges that defendants acted maliciously and were guilty of a wanton disregard for the rights and feelings of plaintiffs in that they purposely and intentionally misrepresented the condition of the property to plaintiffs and knew that by their wilful, false representations plaintiffs would be damaged, and by reason thereof demanded exemplary damages of $5,000. In finding that all the allegations of the first count are true except paragraphs VI and XV, the court found the allegations of the elements of fraud are true. When the court found defendants did not act maliciously and did not maliciously misrepresent the condition of the property, it did not find that defendants did not make the false representations. The court merely found there was no malice; therefore, no exemplary damages. It is not inconsistent to find defendants made false representations and at the same time to find they did not make the representations maliciously.

■ Defendants say next that paragraph V of the findings conflicts with paragraph VI. Paragraph V finds that defendants' agent made the false representations but that it was not true as alleged in paragraph II of the second count that prior to completion of the sale defendants learned the true facts concerning each of the represented matters *and* wilfully, maliciously and fraudulently and for the purpose of deceiving plaintiffs and to prevent their cancelling or rescinding the purchase, failed to advise plaintiffs of the true facts about the represented matters. Paragraph VI finds as true that plaintiffs were induced to enter into the agreement of purchase as a result of the false representations. There is no inconsistency here. The court found that defendants' agent made the false representations to plaintiffs and thereby induced them to enter into the contract. The phrase that defendants did not act "wilfully, maliciously and fraudulently," refers to their failing to advise plaintiffs of the true facts allegedly learned by defendants after June 25, 1953—that is, after plaintiffs were induced to enter into the contract, it was not true that defendants "wilfully, maliciously and fraudulently" concealed the true facts.

■ Defendants contend that certain of the findings respecting allegations in the fourth count of the complaint are inconsistent. The fourth count is against defendant Jackson who built the residence on the property. It alleges he knew the property was fill and negligently constructed the house. The court found these allegations were not true. However, judgment was against defendants Estes only on the first and third counts for rescission. Judgment was for all defendants on all other counts. It is immaterial to the judgment of rescission that plaintiffs failed to prove a case against Jackson.

■ The court found as to all material issues necessary for a judgment of rescission based on fraud: agency of the real estate salesman, the making of fraudulent representations, the falsity of the representations, the intention to induce plaintiffs to enter into the contract, reliance by them on the false representations, damage, timely notice of rescission and offer to restore. The evidence supports the findings and the findings support the judgment.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.