[No. AO15026. First Dist., Div. One. Jan. 26, 1984.]

EILEEN LEWIS, Cross-complainant and Respondent, v.
EUGENE H. UPTON et al., Cross-defendants and Appellants.

**COUNSEL**

John P. Dahl for Cross-defendants and Appellants.

John A. Colistra for Cross-complainant and Respondent.

**OPINION**

**ELKINGTON, J.**—The above-named appellants and cross-defendants appeal from a judgment in favor of respondent and cross-complainant, Eileen Lewis, for $13,000 compensatory damages, and $20,000 punitive damages.

We relate the relevant factual-procedural context of the case.

The instant appellants, a real estate broker and salesman (hereafter for convenience in the singular, Broker), with Charles E. Wilson and Cathy Wilson, all as plaintiffs, commenced an action in 1977, against Eileen Lewis, the respondent herein, for damages. The Broker sought damages for breach of a contract to pay a real estate commission, and the Wilsons,

damages for a related breach of a contract to sell them a parcel of real estate. The defendant Eileen Lewis cross-complained, seeking damages for each of the plaintiffs' "fraud, misrepresentation, duress and conspiracy." The action was tried with the Broker and the Wilsons recovering respectively, $1,755 and $8,080. The trial court impliedly found against Eileen Lewis on her cross-complaint, for no ruling was made upon it. Eileen Lewis appealed from the judgment.

On the appeal to this court we observed from the undisputed evidence of the case, and *as a matter of law,* that at least constructive fraud on the part of the Broker had attended the subject real estate transaction authorizing Eileen Lewis' rescission of it. We also concluded that the Wilsons as principals acquired no ensuing rights because of the Broker's fraud. (See *Greenberg* v. *Du Bain Realty Corp.* (1935) 2 Cal.2d 628, 629 [42 P.2d 628]; *Wright* v. *Buzzine* (1960) 180 Cal.App.2d 426, 430 [4 Cal.Rptr. 482, 79 A.L.R.2d 1047]; *M. G. Chamberlain & Co.* v. *Simpson* (1959) 173 Cal.App.2d 263, 276 [343 P.2d 438]; *Worthen* v. *Jackson* (1956) 139 Cal.App.2d 615, 617 [293 P.2d 797].) We reversed the judgment, stating among other things, "we have in no way passed upon the merits of such additional rights, if any, as defendant Lewis may have in respect of the subject transaction."

Our opinion and decision on that appeal is reported in *Wilson* v. *Lewis* (1980) 106 Cal.App.3d 802 [165 Cal.Rptr. 396]. The remittitur was filed August 11, 1980. Our opinion and decision thereupon became final, establishing the *law of the case.* (See *Estate of Horman* (1971) 5 Cal.3d 62, 73 [95 Cal.Rptr. 433, 485 P.2d 785]; *Lindsey* v. *Meyer* (1981) 125 Cal.App.3d 536, 541 [178 Cal.Rptr. 1].)

In the superior court, further proceedings against the Wilsons were dismissed with prejudice. The issues drawn by Eileen Lewis' cross-complaint and the Broker's answer thereto came on for trial. At the trial the superior court treated our determination of the Broker's fraud as the law of the case, leaving as the remaining issue the amount of damages. At the trial's conclusion the court, announcing its decision, among other things, stated: "I concur in the District Court of Appeals' concern here. . . . California has licensed real estate brokers and how they shall conduct business is a matter of public interest and concern. . . . What I'm saying is we license these people and whatever they've done is done in and for the safety and welfare of the public in general and whenever we have a breakdown of the individuals involved in this type of service, I think that it is substantial misconduct."

Judgment, as noted, was thereafter entered on the cross-complaint in favor of Eileen Lewis, and against the Broker, for "damages of $13,000 and

punitive damages of $20,000." The instant appeal is taken by the Broker from that judgment.

We state the several appellate contentions in the order, and as phrased, by the Broker.

I. ■ *Contention*: "When an appellate court judgment is unclear, should it be construed in favor of the appellant?"

We observe no lack of clarity in our opinion and decision. It was pointed out that as a matter of law, on the record uncontroverted before us, the Broker had fraudulently induced execution of the subject agreement by Eileen Lewis. And as noted, it was stated, "we have in no way passed upon the merits of such additional rights, if any, as defendant Lewis may have in respect of the subject transaction." Such additional rights as were claimed by Eileen Lewis manifestly included those of her undecided cross-complaint. The superior court properly construed our determination as entitling Eileen Lewis, upon request, to a trial on the issues of that pleading.

II. ■ *Contention*: "What is the effect of the unqualified reversal on the cross-complaint?"

As recognized by the Broker, "its effect is to *vacate* the judgment and to leave the case at large for further proceedings as though it had never been tried." (See *Central Sav. Bank of Oakland* v. *Lake* (1927) 201 Cal. 438 [257 P. 521]; *Rossi* v. *Caire* 39 Cal.App. 776 [180 P. 58]; *Sichterman* v. *R. M. Hollingshead Co.* (1931) 117 Cal.App. 504 [4 P.2d 181].)

Under the doctrine of law of the case, the Broker's fraud having been established, there was patently no purpose in retrying the issue of entitlement to a real estate broker's commission. Such was apparently understood by the Broker, for no effort was made to retry that issue. But the case being at large, the issues drawn by the cross-complaint of Eileen Lewis were properly tried upon remand to the superior court. The issue of fraud having been previously resolved, the remaining issue upon the trial was, as determined by the court, that of damages.

III. ■ *Contention*: "Did the trial judge err by considering the appellate court to have made findings of fact concerning the cross-complaint?"

Our earlier opinion concluded, as we have pointed out, that on the uncontroverted evidence of the case, the agreement's execution had been obtained by the Broker's fraud. That conclusion, as we have by now repeatedly pointed out, is now the law of the case. And in any event, in trial or

appellate courts, findings upon *uncontroverted evidence,* were not required. (*City of National City* v. *California Water and Tel. Co.* (1962) 204 Cal.App.2d 540, 545 [22 Cal.Rptr. 560]; and see authority there collected.)

IV.  ■  *Contention*: "Did the trial judge apply the proper measure of damages?"

As is also recognized by the Broker, "where, as here, the defrauding party stands in a fiduciary relationship to the victim of fraud, the damages must be measured pursuant to the broad provisions of [Civil Code] sections 3333 and 1709 regulating compensation for torts in general." (See *Pepitone* v. *Russo* (1976) 64 Cal.App.3d 685, 690 [134 Cal.Rptr. 709]; *Walsh* v. *Hooker & Fay* (1963) 212 Cal.App.2d 450, 458-459 [28 Cal.Rptr. 16]; *Simone* v. *McKee* (1956) 142 Cal.App.2d 307, 315 [298 P.2d 667].) Civil Code sections 1709 and 3333 state, respectively, that:

"One who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers."

"For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this Code, is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not."

The Broker points out that the compensatory damages detailed by Eileen Lewis totalled "only $11,119.20, not $13,000 as set forth in the judgment." But the record also establishes that over a period of several years, although desperately in need of cash, Eileen Lewis was unable to sell the subject property because of the Broker's notice of lis pendens, and that she had as a result of the Broker's tortious acts suffered great emotional distress. We opine that the trial court properly applied the rules of Civil Code sections 1709 and 3333.

We observe that the Broker makes no contention of error as to the award of punitive damages.

V. On our own motion we note that the agreement upon which this lawsuit is based provided for reasonable attorney's fees to the "prevailing party." (See *Wilson* v. *Lewis, supra,* 106 Cal.App.3d 802, 810.)

The superior court will fix and award cross-complainant Eileen Lewis reasonable attorney's fees for services rendered on this appeal, against

cross-defendants, and modify the judgment accordingly. As so modified the judgment is affirmed.

Racanelli, P. J., and Newsom, J., concurred.