[Civ. No. 22788. First Dist., Div. Three. Apr. 19, 1966.]

MAT KETT et al., Plaintiffs and Appellants, v. OSCAR GRAESER et al., Defendants and Respondents.

E. C. Sylvia for Plaintiffs and Appellants.

James A. Clayton and David I. Clayton for Defendants and Respondents.

DEVINE, J.—Summary judgment was granted in favor of defendants Graeser and Dixon Realty Company. Plaintiffs appeal. Appellants bought a home which, they say in their complaint and affidavit in opposition to motion for summary judgment, needed certain repairs. These were repairs to: a leaking shower, splits in the cement driveway, split bricks in the fireplace, and split kitchen walls. Appellants allege that respondents represented to them that if they would purchase the dwelling, the repairs would be made by a licensed contractor. Appellants allege that they were induced to buy because of the promise. They allege that when respondents made the promise, they did not intend to perform it. They allege that the repairs were demanded of respondents and that each respondent said these were the obligation of other defendants. Appellants allege actual damages in amount $3,000 and demand exemplary damages.

Respondent Graeser's affidavit refers to a deposit receipt, which is an exhibit attached to the affidavit, and particularly to paragraph 6 of the receipt, in which there is this sentence: "This agreement contains the entire agreement and all representations not herein set forth are deemed waived." Although all of the allegations of the complaint are denied by the answer, Graeser does not deny in his declaration that he made the alleged representation.

The deposit receipt says nothing about repairs. Besides price and terms of payment, and description of the property,

it provides that sellers agree to furnish a certain loan and that buyers are to have possession on completion of escrow. Nothing about the quality of the property is stated. There is no "as is" clause.

The granting of summary judgment was based on the judge's conclusion, as he states in the order, that false promises which are unenforceable under the statute of frauds or ineffective under the parol evidence rule as contradictory to a written contract, cannot form the basis of an action for fraud.

### Statute of Frauds

The action is not based on a contract which is required to be in writing by the statute of frauds. It is not an action to enforce a contract for sale of real property, nor an action for damages for breach of such contract. The property has been sold and paid for. The action is in tort based on alleged collateral oral promise made to induce appellants to buy, and made without intention to perform, a promissory fraud. This kind of fraud is specifically recognized in our law. (Civ. Code, § 1572, subd. 4.) If respondents made the promise, intending at the time to perform it, appellants have no case, for the contemporary lack of intent to perform is an essential element of the kind of wrong which is pleaded. (*Church of Merciful Saviour* v. *Volunteers of America,* 184 Cal.App.2d 851, 859, 860 [8 Cal.Rptr. 48].) This requirement is very different from that which exists in a case where one sues on a promise contained in the contract. There, he need only prove that the promise was made and was broken. The contract itself, then, is not sued upon. The statute of frauds does not apply.

The case of *Kroger* v. *Baur,* 46 Cal.App.2d 801 [117 P.2d 50], relied upon by respondents, is quite different from the one before us. In that case, the entire alleged contract, one for the payment of a real estate broker's commission, was oral. The statute of frauds specifically requires such contract, or some note or memorandum thereof, to be in writing and subscribed by the party charged or by his agent. (Civ. Code, § 1624, subd. 5; Code Civ. Proc., § 1973, subd. 5.) The broker could not avoid the statute of frauds by simply alleging that the oral promise to pay him a commission was made without any intention of performing it. In the case before us, the contract of sale of real property was not only in writing but was actually performed by deed to appellants. The damages demanded by appellants are, as said above, based on an alleged

collateral agreement which was made, according to appellants' pleading, without intention to perform.

### Parol Evidence Rule

■ The parol evidence rule is a principle of substantive law. (*Ellis* v. *Klaff*, 96 Cal.App.2d 471, 476 [216 P.2d 15].) Therefore, if the parol evidence rule would preclude any possibility of recovery by plaintiffs, summary judgment against them might be sustained on the ground that the action has no merit. (Code Civ. Proc., § 437c.) Respondents contend that the "merger" clause in paragraph 6 of the deposit receipt makes it impossible for appellants to succeed. But this is not the rule where there is fraud, as appellants allege there was.

■ The principles, as stated in *Herzog* v. *Capital Co.*, 27 Cal.2d 349, 353 [164 P.2d 8], are these: (1) The merger, or exculpatory, clause does not preclude the defrauded purchaser from rescinding and recovering the consideration from even an innocent seller. (2) But the clause will relieve an honest seller from liability for *damages* from fraudulent representations of his agent. (3) But the immunity in principle No. (2) does not exempt the principal from liability for his own conduct. In the case before us, the misrepresentations are alleged to be those of the principals. The clause does not in itself operate to protect respondents from liability. (*Herzog* v. *Capital Co., supra,* p. 353; *Buist* v. *C. Dudley DeVelbiss Corp.*, 182 Cal.App.2d 325, 331 [6 Cal.Rptr. 259]; *Vogelsang* v. *Wolpert*, 227 Cal.App.2d 102, 122-123 [38 Cal.Rptr. 440].) In the *Herzog* and *Buist* cases, the fraud was that of concealment. But in *Vogelsang*, the rule was applied to promissory fraud.

■ In the last paragraph, however, nothing more is settled than the negative proposition that the merger, or exculpatory, clause does not by itself exclude parol evidence of fraud by the principal in an action for damages against him. The parol evidence rule itself, however, would prevent appellants from presenting parol evidence which would vary the terms of an integrated written agreement, that is, one which by its terms purports to express the entire agreement between the parties. If it were not so, one party to a written contract could change its terms, adding to the promises made by the other party, by the device of bringing his action in tort rather than on contract, and alleging an inducing promise made without intention of performance. As was said by Mr. Justice Dooling in *Dillon* v. *Sumner*, 153 Cal.App.2d 639, 643 [315

P.2d 84]: "A written agreement to sell a horse for $100 could be varied by evidence that the seller had also orally agreed to transfer a cow, or contract to purchase 1,000 tons of coal could be varied by showing an oral agreement to deliver a bonus of 100 tons additional for the same consideration." But there may be agreements collateral to the principal one, which have been for the purpose of inducing one of the parties to enter into the main contract. In such cases, the writing is not an integrated contract; it does not express the complete transaction. (*Pollyanna Homes, Inc.* v. *Berney,* 56 Cal.2d 676 [16 Cal.Rptr. 345, 365 P.2d 401].) The test is not always easy to apply. Distinctions of some refinement may become necessary; for example, in *Dillon* v. *Sumner, supra,* where a physician by written contract sold his medical equipment to another doctor, an alleged oral promise made without intention to perform, to transfer his practice to the buyer of the equipment, came under the parol evidence rule and was barred. But the oral representation that the physician intended to retire from practice was admissible as collateral. The transfer of the medical practice would have been an additional item of sale to that of the equipment, and would simply add to the number of items for the same consideration. The agreement to retire was not one to transfer anything. In *Graddon* v. *Knight,* 138 Cal.App.2d 577 [292 P.2d 632], a written agreement required plaintiffs to maintain fire insurance on a home which was being built for them by defendant. But parol evidence was admitted to show that the physical act of obtaining the insurance which plaintiffs were obligated to furnish, was not to be done by them but by a certain bank. This second agreement relating to the physical act was collateral to the main one.

The case of *Cobbs* v. *Cobbs,* 53 Cal.App.2d 780 [128 P.2d 373], cited by respondents, is very different from the one before us. In the *Cobbs* case, attempt was made to overcome a written agreement by oral evidence which was not only directly contrary to the provisions of the writing but also related to the one point which was particularly in dispute by the parties when they were negotiating the terms of the agreement.

We proceed to apply the above principles to the case before us. The written contract was one for the sale of real property, not for repairs. No repairs whatever are mentioned in it. If some repairs had been mentioned, it is likely that evidence of others orally promised for the same total consideration would

be excluded. The promised repairs appear to be relatively minor. They have not to do with the substantial construction and integrity of the building. They are the sort of thing which a prospective purchaser would call to the attention of the seller. Then, upon receiving oral assurance that repairs would be made, the purchaser would not necessarily look for their recital among matters having to do only with terms of payment and loan arrangements. The parol evidence rule does not destroy appellants' case.

Summary judgment reversed.

Draper, P. J., and Salsman, J., concurred.