[Civ. No. 25509.  First Dist., Div. Two.  Aug. 19, 1969.]

RICHARD ESTRADA, Plaintiff and Respondent, v. DAR-
LING-CROSE MACHINE COMPANY, INC., Defendant
and Appellant.

Howard, Prim, Smith, Rice & Downs, Henry W. Howard, Howard M. Downs, and Stuart R. Pollak for Defendant and Appellant.

J. W. Ehrlich and Edward F. Dullea for Plaintiff and Respondent.

TAYLOR, J.—Defendant, Darling-Crose Machine Company, appeals from a money judgment in favor of plaintiff, Richard Estrada, contending that the court erroneously applied the parol evidence rule to exclude evidence of custom.

The facts are not in dispute. Defendant is a distributor of machine tools for whom plaintiff acted as a sales engineer or sales representative between mid-1963 and December 31, 1965. On or about July 1, 1963, plaintiff and defendant entered into a letter agreement to formalize two points of their understanding concerning plaintiff's employment: 1) that plaintiff's commission would be ''35% of the net commission on the sale (i.e. 35% of the net amount of sale)''; 2) the expenses to which he would be entitled. The letter was not intended to be a comprehensive contract but merely to confirm the parties' understanding with respect to the limited points covered.

On December 31, 1965, plaintiff resigned as an employee of defendant. Prior thereto, plaintiff had solicited certain orders for machinery to be purchased from defendant. This machinery was not delivered to defendant's customers until nine months after plaintiff had left defendant's employ. The single issue in controversy is the amount of the commission that plaintiff was entitled to receive for these orders.

Plaintiff contends that he is entitled to his full normal commission of 35 percent of defendant's net profit, as set forth in the letter; defendant contends that pursuant to industry custom, plaintiff is entitled to receive only one-half of this amount since the machinery was not delivered until after termination of plaintiff's employment. The parties stipulated that the amount in controversy, i.e., 50 percent of the normal 35 percent commission, was $4,860.45, and this was the amount of judgment entered for plaintiff.

At the trial, defendant offered evidence of a custom and practice in the machine tool industry to pay only one-half of the normal commission where orders were solicited by the sales engineer while in the employ of the distributor but there was not delivery to the customers until after the termination of the employment. The reason given for this practice is that there are important and time-consuming functions that are

normally performed by the sales engineer after the machinery has been delivered to the premises of the customer, such as installation and adjustment.

Plaintiff testified that while he was aware of the fact that this was a practice in some parts of the machine tool industry and that, in fact, he had been previously employed under such an arrangement, he was not aware of any such uniform industry-wide custom and practice. He testified that his previous employment on that basis was based on a written agreement with his prior employer and that one of his reasons for coming to work for defendant was that defendant offered the better deal of a 35 percent commission. Plaintiff also testified that he knew of some distributors in the machine tool industry who pay 100 percent commission where delivery is subsequent to the salesman's employment.

Although all of the above evidence was admitted without objection, the trial court's memorandum opinion indicates that in its determination of the matter, the evidence of custom was excluded because the parol evidence rule applied to the facts of the case. The trial court concluded that under the parol evidence rule, defendant's evidence of custom was not admissible to add new terms to the written contract of the parties. The court found no ambiguity or uncertainty in the provisions of the July 1 employment contract. It held that the parties reduced to writing a complete and certain agreement and, therefore, parol evidence should not be received in the absence of fraud, regardless of an alleged custom in a particular trade, citing *Ferguson* v. *Koch* (1928) 204 Cal. 342 [268 P. 342, 58 A.L.R. 1176].

██ The parol evidence rule is a principle of substantive law under which a writing setting forth the complete and unambiguous terms of an agreement becomes the contract of the parties and cannot be varied or supplemented by outside or inconsistent provisions (*Kett* v. *Graeser* (1966) 241 Cal. App.2d 571 [50 Cal.Rptr. 727]). ██ When the parties to a written contract have agreed to it as an "integration," a complete and final embodiment of the terms of their agreement, parol evidence cannot be used to add to or vary its terms. When only part of the agreement is integrated, the same rule applies to that part, but parol evidence may be used to prove elements of the agreement not reduced to writing (*Masterson* v. *Sine*, 68 Cal.2d 222, 225 [65 Cal.Rptr. 545, 436 P.2d 561]).

██ Here, the written memorandum of the parties makes

no reference to the application of the 35 percent commission where orders are solicited by plaintiff prior to the termination of his employment, but not delivered until afterwards. Under these circumstances, the interpretation of the term ''sale'' with reference to the right to a 35 percent commission must be implied from the nature of the contract and the circumstances surrounding it (*Consolidated Theatres, Inc.* v. *Theatrical Stage Emp. Union, Local 16,* 69 Cal.2d 713, 725 [73 Cal.Rptr. 213, 447 P.2d 325].) Whether the matter of the duration of the 35 percent commission provision is viewed as an omission or as an ambiguity in the term ''sale?'' (i.e., whether the sale took place when the order was obtained or on the delivery and installation), defendant's evidence of custom should have been considered (*Mangini* v. *Wolfschmidt, Ltd.,* 165 Cal.App. 2d 192, 198-199 [331 P.2d 728]). Even assuming that the term ''sale'' was not ambiguous, as used in its ordinary or legal meaning, evidence, nevertheless, would be admissible to indicate its peculiar meaning in the trade or industry involved (*Pacific Gas & Elec. Co.* v. *G. W. Thomas Drayage & Rigging Co.,* 69 Cal.2d 33, 39 [69 Cal.Rptr. 561, 442 P.2d 641]; *Ermolieff* v. *R.K.O. Radio Pictures, Inc.,* 19 Cal.2d 543 [122 P.2d 3]).

As the memorandum opinion clearly indicates that the trial court based its judgment on an erroneous exclusion of defendant's evidence relating to custom, the matter must be remanded to the trial court for a reconsideration of the single question presented in the light of that evidence. We do not mean to infer that a different result should necessarily be reached. Defendant offered evidence of a uniform, established industry custom of paying only half of a sales engineer's commission under the circumstances of this case. Plaintiff was aware of this practice in some instances, but not of its general and uniform application and testified that industry practices varied. He himself had been employed under a 50 percent arrangement that was reduced to writing, but went to work for defendant because of the better terms spelled out in the memorandum of July 1, 1963. The resolution of this conflict in the evidence is for the trial court. In view of the simple single issue presented, we think no further proceedings or testimony from the parties should be required.

The judgment is reversed, with directions to enter a new judgment after consideration of the erroneously excluded evidence.

Shoemaker, P. J., and Agee, J., concurred.